**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Adante.Pointer@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY GRAFF, an individual, | Case No.: |
| Plaintiff, | <u>COMPLAINT FOR DAMAGES</u> |
| v. | (42 U.S.C § 1983) |
| CITY OF VALLEJO, a municipal corporation; BRIAN MURPHY as an individual and in his official capacity as a police officer for the VALLEJO POLICE DEPARTMENT; and DOES 1-50, inclusive. | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | |

1

## **INTRODUCTION**

2

      1.     This action arises out of Defendant Vallejo Police Department Officer Brian

3

Murphy's use of excessive force on Plaintiff Sherry Graff at or about midnight on April 24,

4

2018.

      2.     During the evening and into the early morning hours of April 24, 2018, Ms. Graff

5

was in her home socializing with a friend when Officer Murphy arrived. Officer Murphy yelled

6

through Ms. Graff's screen door to come to the front porch. Ms. Graff complied and conversed

7

with Officer Murphy in front of her dinner guest.

8

      3.     Suddenly, Officer Murphy accused Ms. Graff of being intoxicated and informed

9

her that he intended to taken to jail. Ms. Graff began to cry. Officer Murphy grabbed Ms. Graff,

10

a fifty-two-year old woman who is obviously physically disabled and threw her from the porch

11

onto the cement ground below causing her arm to break in several places. The impact of the fall

12

caused her to hit her head resulting in a deep gash that required several staples to close.

13

      4.     Despite Ms. Graff requesting an ambulance to treat her for her injuries Officer

14

Murphy mercilessly refused to summon one to the scene. Instead, Officer Murphy announced he

15

intended to search Ms. Graff's person. Ms. Graff pled for Officer Murphy to call a female officer

16

to the scene to perform the search. Inexplicably, Officer Murphy insisted on doing it himself.

17

Next he proceeded to search Ms. Graff by roughly grabbing, pulling and pressing on Ms. Graff's

18

body which left several bruise marks about her body and specifically on her breasts. Once he

19

completed his degrading assault, Ms. Graff once again begged him to summon an ambulance.

20

Officer Murphy ignored her request and transported her to the hospital himself. He ultimately

wrote a her a citation and left her recuperating at the hospital. Tellingly the District Attorney

21

refused to prosecute Ms. Graff on the bogus criminal charges.

22

      4.     As a result of the Officer's excessive force, Ms. Graff suffered fractures to her

23

arm, a laceration to her head that required several staples to close and severe bruising to her body

including her breasts.

24

## **JURISDICTION**

25

      5.     This action arises under Title 42 of the United States Code, Section 1983. The

unlawful acts and practices alleged herein occurred in Vallejo, Solano County, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## PARTIES

6.     Plaintiff SHERRY GRAFF (hereinafter "Plaintiff" or "Graff") is a competent female adult, a resident of VALLEJO, CALIFORNIA, and is a United States Citizen.

7.     Defendant BRIAN MURPHY (hereinafter "Defendant" or "Murphy") was and at all times mentioned herein is a male police officer for the VALLEJO POLICE DEPARTMENT, and is sued in his individual and official capacity.

8.     Defendant CITY OF VALLEJO (hereinafter "Defendant CITY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF VALLEJO POLICE DEPARTMENT.

9.     Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

10.     In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the CITY OF VALLEJO.

11.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13.     Plaintiff filed a timely government claim, which was rejected by the CITY by operation of law.

## STATEMENT OF FACTS

14.     This action arises out of Defendant Vallejo Police Department Officer Brian Murphy's use of excessive force on Plaintiff Sherry Graff on April 24, 2018.

15.     At or about midnight on April 24, 2018, Ms. Graff was at home socializing with a friend when Officer Murphy came onto her property and up to the front door of the home she shares with her partner. Officer Murphy stood on Ms. Graff's front porch and called out to her guest to come outside to speak to him. After Officer Murphy had a conversation with her dinner guest, he next summoned Ms. Graff to the front porch. Ms. Graff complied and conversed with Officer Murphy while standing on her porch. After they conversed, Officer Murphy accused Ms. Graff of being intoxicated in public. He levied this accusation against Ms. Graff, despite the fact that she was on her own property, he summoned her outside to the front porch and he had not administered any sort of sobriety tests. Officer Murphy then informed Ms. Graff that she would be arrested and taken to jail which caused Ms. Graff to cry.

16.     Ms. Graff is a 52-year-old disabled woman who suffers from obvious physical deformities to her arms and hands and is extremely frail. Nevertheless, Officer Murphy insisted that Ms. Graff had to be arrested and taken to jail. He then proceeded to grab Ms. Graff and threw her off the porch and onto the cement below. Ms. Graff fell and struck her head on the cement resulting in a deep gash on her head.  Ms. Graff who at this point was bloody and bruised, informed Officer Murphy she had been injured pleaded for medical help.

17.     Officer Murphy ignored Ms. Graff's pleas and began to roughly pat her down. Ms. Graff requested a female officer be called to the scene to conduct the pat down. Once again, Officer Murphy ignored her pleas and continued to squeeze, press and grab on Ms. Graf's body leaving her breasts and her body significantly bruised.

18.     Then Officer Murphy placed handcuffs on Ms. Graff's wrists. She immediately told Officer Murphy the handcuffs did not fit and were causing her extreme pain. The pain was due to the fact that Ms. Graff suffers from a birth defect that left her hands and wrists disfigured in such a way that regular sized handcuffs cannot properly or safely be applied. Officer Murphy knew Ms. Graff suffered from this disability and tightened the handcuffs causing her to suffer even more pain.

19.     Ms. Graff continued to request an ambulance, but Officer Murphy refused to call one. Instead Officer Murphy transported her to the hospital himself.  Once he saw the severity of the injuries he wrote Ms. Graff a citation and left her at the hospital. As a result of Defendant Murphy's unlawful use of force, Ms. Graff suffered factures to her arm, a gash to her head that required several staples to close and severe bruising to her body including her breasts.

## DAMAGES

20.     As a proximate result of Defendant's unreasonable and excessive use of force, Plaintiff suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

21.     The conduct of the Defendant Murphy was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against Defendant Murphy.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Against Defendants Murphy and DOES 1-25)*

22.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

23.     When Defendant Murphy violently threw Plaintiff from the porch onto the cement ground, Plaintiff Graff had not presented any verbal and/or physical threat of any kind

to the Officer. In fact, Plaintiff was unarmed, frail and visibly disabled and essentially incapable of being a physical threat to the Officer. Next, Defendant Murphy roughly patted Plaintiff Graff down causing serious bruising to her breasts when Plaintiff head was already split open, her arm fractured and posed no threat. Therefore, Defendant Murphy's actions were excessive and unreasonable, which violated both his training and Plaintiff's constitutional rights under the Fourth Amendment.

24.    As a result of their misconduct, the Defendant Murphy is liable for Plaintiff's damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**SECOND CAUSE OF ACTION**
**(Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**
*(Against Defendants Murphy and DOES 1-25)*

25.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

26.    When Defendant Murphy detained and violently threw Plaintiff from the porch onto the cement ground, Plaintiff Graff had not committed any crimes, Defendant did not have a reasonable suspicion that she had committed any crimes and Plaintiff was on her own property. Therefore, Defendant Murphy's actions were an unlawful detention, arrest and seizure, which violated both his training and Plaintiff's constitutional rights under the Fourth Amendment.

27.    As a result of their misconduct, Defendant Murphy is liable for Plaintiff's damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Plaintiff against Defendants CITY OF VALLEJO and DOES 26-50)*

28.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

29.     Plaintiff is informed and believe and thereon allege that high ranking CITY OF VALLEJO officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Defendant Murphy violently threw an unarmed, disabled and frail woman from her own front porch onto the cement ground cracking her skull open, fracturing her arm then roughly patted her down causing bruising to her breasts.  Officials should reasonably should have known and foreseen these acts of misconduct by their officer given that this incident of excessive force and misconduct is yet one more in a collection and string of excessive force incidents committed by CITY OF VALLEJO POLICE Officers. For example:

a.  A Vallejo Police Officer chased down, shot and killed an unarmed Ronell Foster after stopping him for recklessly riding a bicycle on February 13, 2018. (Case No.: 2:18-cv-00673-JAM-CKD)

b.  A Vallejo Police Officer shot and killed unarmed 21-year-old Angel Ramos at his home in January 2017. (Case No.: 2:17-cv-01619)

c.  On March 17, 2017, a bystander video recorded multiple Vallejo Police Officers beating DeJuan Hall, an unarmed man, on the ground, and when onlookers protested his excessive force an officer pointed his pistol at them.[1]

d.  On July 30, 2017, multiple Vallejo Police Officers brutally beat Carl Edwards, an unarmed man who had made no threatening movements, in front of his workshop, in broad daylight.

---

[1] "Video of Vallejo officer raises questions about excessive force." (http://www.ktvu.com/news/ktvu-local-news/controversial-video-of-vallejo-officer-arresting-man-raises-questions-of-excessive-force)

e.  In 2012, a Vallejo Police officer shot an unarmed Anton Barrett when he was simply reaching for his wallet. [2]

30.     Despite having such notice, Plaintiff is informed and believe and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Defendant Murphy felt comfortable enough to violently throw a disabled woman to the concrete, roughly pat her down without a female officer present, and refuse her medical services, because the Vallejo Police Department officials failed to discipline or re-train any of the aforementioned officers after committing excessive force.

31.     Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein. Since Defendant Murphy's fellow officers have gone unpunished for police misconduct and excessive force, Defendant Murphy understood this as permission to use excessive force and commit police misconduct himself. Defendant Murphy has not been punished for this incident. Plaintiff also notes that the District Attorney did not even press criminal charges against Plaintiff.

32.     As against Defendant CITY OF VALLEJO, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of CITY OF VALLEJO POLICE DEPARTMENT is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well

---

[2] "Vallejo man, 42, fatally shot by police, another arrested following pursuit"

(https://www.mercurynews.com/2012/05/28/vallejo-man-42-fatally-shot-by-police-another-arrested-following-pursuit/)

as the one underlying this complaint have not been disciplined and/or re-trained.

33.     The unconstitutional actions and/or omissions of Defendants and Does 1-25, as well as other officers employed by or acting on behalf of Defendant CITY OF VALLEJO, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the CITY OF VALLEJO Police Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CITY OF VALLEJO:

a.     To cover-up violations of constitutional rights by any or all of the following:

i.     by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

ii.     by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii.     by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

b.     To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

c.     To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

d.     To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

34.     Defendants CITY OF VALLEJO and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other CITY OF VALLEJO' Police personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

35.     The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other CITY OF VALLEJO personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the CITY OF VALLEJO Police Department.  Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within CITY OF VALLEJO, and that such policy makers have direct knowledge of the fact that the arrest of Plaintiff GRAFF was not justified, but rather represented an unconstitutional use of unreasonable force.  Notwithstanding this knowledge, the authorized policy makers within CITY OF VALLEJO have approved Defendant Officer's grossly excessive and bias arrest of Plaintiff GRAFF. By so doing, the authorized policy makers within the CITY OF VALLEJO and the CITY OF VALLEJO Police Department have shown affirmative agreement with the actions of Defendant Officers and Does 1-25, and have ratified the unconstitutional acts of Defendant Officers and Does 1-25.

36.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant CITY OF VALLEJO and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983.

37.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

38.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF VALLEJO and Does 26-50 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff GRAFF against Defendants Murphy and Does 1-50)*

39.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

40.    Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

41.    By their conduct described herein, Defendants Officer Murphy and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.    GRAFF's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

    b.    GRAFF's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

42. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[3] Defendants' use of unlawful force against Plaintiff Graff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

43. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[4] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

44. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

a. Threatening Plaintiff GRAFF in the absence of any threat presented by Mr. GRAFF or any justification whatsoever;

b. Using deliberately reckless and provocative tactics to apprehend Ms. GRAFF in violation of generally accepted law enforcement training and standards, and in violation of GRAFF's rights;

c. Defendant Officer threw Ms. GRAFF from the porch and roughly patted down in the absence of any threat or need for such force;

d. Threatening violence against Plaintiff GRAFF, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

e. Using excessive, unreasonable and unjustified force against Plaintiff GRAFF by driving his head into the concrete while he attempted to comply with the officers;

f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

g. Violating multiple rights of Plaintiff;

[3] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[4] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

45.     Defendant CITY OF VALLEJO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

46.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Officers and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.


**FIFTH CAUSE OF ACTION**
**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiff against Defendants Murphy and DOES 1-25)*

47.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

48.     Defendant Murphy, while working as a police officer for the CITY OF VALLEJO, and acting within the course an scope of their duties, intentionally threw Plaintiff off her porch and roughly patted her down without a lawful basis.

49.     As a result of the actions of the Defendant, Plaintiff suffered physical injuries. The Defendant Officer did not have legal justification for using force against Plaintiff and Defendant's use of force while carrying out their police officer duties was an unreasonable use of force.

50.     As a direct and proximate result of Defendants' assault and battery of Plaintiff GRAFF, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth

## SIXTH CAUSE OF ACTION
### (Negligence)
*(Plaintiff against Defendants Murphy and DOES 1-25)*

51.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as if fully set forth here.

52.     At all times, Defendant Officer Murphy and Does 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

53.     At all times, Defendant Officer Murphy and Does 1-50 owed Plaintiff the duty to act with reasonable care.

54.     These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

a.     to refrain from using excessive and/or unreasonable force against Plaintiff GRAFF;

b.     to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

c.     to refrain from abusing their authority granted them by law;

d.     to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

55.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff GRAFF.

56.     Defendant CITY OF VALLEJO is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

57.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant and is entitled to relief as set forth above.

## SEVENTH CAUSE OF ACTION
### (False Imprisonment/Illegal Detention)
#### (*Against Defendants Brian Murphy and DOES 1-50*)

58.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 of this Complaint.

59.     Defendant detained, restraint and arrested Plaintiff without just cause and on her own property under false pretenses.

60.     The aforementioned acts of Defendant were willful, wanton, malicious, oppressive and undertaken with conscious disregard of the rights of Plaintiff and entitles Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants, for the public good.

61.     Plaintiff has been required to retain counsel to redress the wrongful conduct by Defendant alleged herein and is consequently entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Title II of Americans with Disabilities Act - 42 U.S.C. § 12132)
#### (*Against Defendants Brian Murphy, CITY OF VALLEJO and DOES 1-50*)

62.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 61 of this Complaint.

63.     As against Defendant Murphy, Defendant City of Vallejo and DOES 1-25, Plaintiff Sherry Graff was entitled to coverage under Title II of the Americans With Disabilities Act. Plaintiff Graff suffers from a disability of obvious physical deformities to her hand, which are visible and make her wrists abnormally large; furthermore, Plaintiff Graff is extremely frail due to her genetic condition. Defendant Murphy knew that Ms. Graff suffered from these disability because they are visible and apparent. Furthermore, Defendant Murphy was familiar with Ms. Graff from prior contacts. Therefore, Plaintiff Graff was entitled to coverage under Title II of the Americans With Disabilities Act.

64.     Despite knowledge of Ms. Graff's disabilities, Defendant Murphy failed to make reasonable accommodations in his detention, arrest, use of force, restraint and transportation of Ms. Graff. Defendant Murphy threw Ms. Graff from a porch when she offered no threat to him and suffers from frailty. Defendant Murphy could have simply provided Ms. Graff verbal commands as a reasonable accommodation instead of using force. Then Defendant Murphy tightly handcuffed Ms. Graff's wrists which are visibly larger than can fit into handcuffs because of her deformities. Defendant Murphy could have used the reasonable accommodation of alternative restraints or requested alternative restraints to the scene. Defendant Murphy then roughly patted Ms. Graff down who suffers from frailty instead of providing the reasonable accommodation of requesting a female officer to gently pat her down. Finally Defendant Murphy insisted on transporting Ms. Graff himself instead of providing the reasonable accommodation of summoning an ambulance. Therefore Defendant Murphy and Defendant City failed to provide reasonable accommodation to Ms. Graff despite knowledge of her disabilities.

65.     As against Defendant CITY, and/or DOES 26-50 in their capacity as official policy-maker(s) for the CITY, Plaintiff alleges that said defendants failed to train, supervise, and or discipline Defendants and DOES 1-25, for failing to provide reasonable accommodations during Defendant Murphy's call for service to Plaintiff Graff. Officer Murphy was there merely to conduct a welfare check. Therefore, the risk of officer safety was extremely low and the necessity of to use force even lower.

66.     Further, reasonable accommodations were available, including, but not limited to: de-escalation tactics; communication with family members to sort facts; extend the call for service; use the least amount of physical force; summon a female officer; use least restraint necessary and restraint alternatives on Plaintiff who has disabilities.

67.     The City of Vallejo and its employees failed to provide any and all of these reasonable accommodations to Plaintiff despite having reason to know of her disability and that these reasonable accommodations were available to Defendant. Defendant Murphy intentionally and/or with deliberate indifference disregarded Plaintiff's disabilities and the necessary reasonable accommodations. As a result, Plaintiffs were denied the services and benefits of the ADA and suffered injury, harm and humiliation greater than other arrestees.

68.     In sum. the aforementioned conduct of Defendant Murphy, Defendant City of Vallejo and  DOES 1-25, in failing to make reasonable accommodations for Plaintiff, denied Plaintiff the benefits of Defendant CITY's programs and activities, and/or discriminated against Plaintiff by reason of her perceived disability.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

69.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.      For general damages in a sum to be proven at trial;

2.      For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.      For punitive damages against Defendant Murphy and DOES 1-50 in a sum according to proof;

4.      All other damages, penalties, costs, interest, and attorney fees as allowed by 42
U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise
may be allowed by California and/or federal law;

5.      Declaratory and injunctive relief, including but not limited to the following;

    i.   an order prohibiting Defendants CITY OF VALLEJO from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

    ii.  an order requiring Defendant CITY OF VALLEJO to institute and enforce appropriate and lawful policies and procedures for the providing reasonable accommodation to the people with disabilities;

    iii. an order requiring Defendant CITY OF VALLEJO to institute and enforce appropriate and lawful policies and procedures for summoning a female officer to pat down a female person;

    iv.  an order requiring Defendant CITY OF VALLEJO to institute and enforce appropriate and lawful policies and procedures for summoning an ambulance to the scene where a person is visibly and apparently injured;

    v.   an order requiring Defendant CITY OF VALLEJO to train all law enforcement officers concerning generally accepted and proper tactics and procedures and this Court's orders concerning the issues raised in injunctive relief requests above;

6.      For cost of suit herein incurred; and

7.      For such other and further relief as the Court deems just and proper.

Dated:  October 18, 2018                              **Law Offices of John L. Burris**


                                         **/s/  Adante Pointer**
                                         Adante Pointer
                                         Attorneys for Plaintiff