**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  KATELYN M. KNIGHT**
Deputy City Attorney, SBN 264573
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:     (707) 648-4687
Email: katelyn.knight@cityofvallejo.net

Attorneys for Defendants, CITY OF VALLEJO and BRIAN MURPHY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| SHERRY GRAFF, an individual<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; BRIAM MURPHY as an individual and in his official capacity as a police officer for the VALLEJO POLICE DEPARTMENT; and DOES 1-50, inclusive,<br><br>   Defendant. | Case No.  2:18-cv-02848-KJM-CKD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY CASE PENDING RESOLUTION OF CRIMINAL ACTION, OR IN THE ALTERNATIVE TO DISMISS STATE CLAIMS; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>**Date:** September 20, 2019<br>**Time:** 10:00 a.m.<br>**Ctrm:** 3 |

**TO PLAINTIFF AND HER COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on September 20, 2019 at 10:00 a.m. in Courtroom 3, Defendants City of Vallejo and Officer Murphy will move for an order staying the present action pending resolution of the criminal proceedings against Plaintiff Sherry Graff currently pending in Solano County Court (Case No. VCR232945).  This motion is made on the grounds that a conviction in the criminal action will bar or limit Ms. Graff's claims in this action pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  In the alternative, Defendants will move for an order dismissing Plaintiff's causes of action under California law on the basis that such claims may not

be brought while a criminal case is pending pursuant to Government Code § 945.3.  Defense counsel met and conferred with Plaintiff's counsel regarding a stipulation to a stay of the civil case pending resolution of the criminal charges.  The parties were unable to reach agreement. (Knight Decl., ¶ 6.)

      This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Katelyn M. Knight, and on such other written and oral argument as may be presented to the Court.

DATED: August 8, 2019                      Respectfully submitted,

                                          */s/ Katelyn M. Knight*
                                          KATELYN M. KNIGHT
                                          Deputy City Attorney
                                          Attorneys for Defendants, CITY OF VALLEJO and BRIAN MURPHY

## MEMORANDUM OF POINTS & AUTHORITIES

## I.

## INTRODUCTION

This case arises from the arrest of Sherry Graff on April 24, 2018. On October 24, 2018, Ms. Graff filed the present civil rights action against the City of Vallejo and Officer Murphy asserting that the District Attorney declined to pursue charges against Ms. Graff in connection with her arrest. (Dkt. 1, ¶ 4.) Defense counsel recently learned that the District Attorney brought charges against Ms. Graff on September 6, 2018 for resisting arrest and being under the influence of a controlled substance in connection with the incident underlying this case. (Knight Decl., ¶ 5.) A review of the court docket shows that Ms. Graff failed to appear on the matter and a bench warrant was issued for her arrest. (Knight Decl., Ex. B.)

Defendants respectfully request that the Court stay this action pending resolution of the criminal case against Sherry Graff. Because they arise from the same underlying incident, a conviction in the criminal case may bar some or all of Plaintiff's claims against Defendants under *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, California Government Code § 945.3 precludes Plaintiff from litigating her claims under State law against Officer Murphy and the City of Vallejo while the criminal case is pending. It is common practice for the district courts to stay a civil action while related criminal charges are pending and the criminal case may bar or narrow the civil claims. *See Wallace v. Kato*, 549 U.S. 384, 393-394 (2007); *Martinez v. Cty. of Santa Clara*, 2017 U.S. Dist. LEXIS 76155, *10 (N.D. Cal. 2017); *Bernier v. Walker*, 2019 U.S. Dist. LEXIS 41929, *14 (E.D. Cal. 2019). Further, a stay of this action will promote the interests of justice by conserving judicial resources and avoiding the prejudice to the parties that would result from having to litigate multiple actions or seek repeated continuances while waiting for the criminal case to resolve. In the alternative, Defendants request dismissal of Ms. Graff's claims under state law pursuant to California Government Code § 945.3.

///
///
///

## II.

## BACKGROUND

### A.   Factual Background

This case arises from the arrest of Sherry Graff. On April 24, 2018, Ms. Graff's daughter called 911, reporting that someone called from her mother's phone and Graff was heard screaming in the background "get them out of my face". Ms. Graff's daughter reported that her mother is bipolar, schizophrenic and had been using methamphetamine. Officer Brian Murphy was dispatched to respond.

Officer Murphy has had multiple prior contacts with Ms. Graff. He was aware that she has been placed on 5150 holds and is a narcotics user. Officer Murphy activated his body-worn camera on arrival. Officer Murphy approached the front door of Ms. Graff's house and announced his presence in a friendly manner. Officer Murphy spoke with an individual in Ms. Graff's home and then with Ms. Graff. In speaking with Ms. Graff, Officer Murphy observed that she had difficulty keeping track of her thoughts and was speaking incoherently. Officer Murphy administered a 7-step DAR test (drug abuse recognition). Based on Ms. Graff's performance, and Officer Murphy's experience and training, Officer Murphy developed probable cause to believe that she was under the influence of a controlled substance. (Knight Decl., ¶ 2.)

Officer Murphy advised Ms. Graff that she was being placed under arrest and asked her to place her hands behind her back. Ms. Graff became upset and would not cooperate. Officer Murphy spoke calmly and gave multiple warnings and commands over the course of almost two minutes before taking hold of Ms. Graff's wrist to place her in handcuffs. At that point, Ms. Graff began to violently struggle. Officer Murphy continued to give commands and Ms. Graff continued to struggle, resulting in injury. Officer Murphy transported Ms. Graff to Kaiser where the treating doctor elected to keep her overnight, and Officer Murphy released Ms. Graff to the hospital's care with a promise to appear in Court. (Knight Decl., ¶ 3.)

### B.   Procedural Background

On October 24, 2018, Plaintiff Sherry Graff filed a complaint for damages against the City of Vallejo and Officer Murphy. The Complaint asserts causes of under the Fourth

1  Amendment on theories of excessive force and unlawful detention and arrest, as well as for
2  violation of the Bane Act, assault and battery, negligence, and false imprisonment against Officer
3  Murphy.  The Complaint also asserts a *Monell* claim against the City of Vallejo and a cause of
4  action for violation of the Americans with Disabilities Act against both defendants.  Among
5  other things, the Complaint alleges that "the District Attorney refused to prosecute Ms. Graff on
6  the bogus criminal charges."  (Dkt. 1, ¶ 4.)

7  At the end of June 2019, defense counsel Katelyn Knight learned that a criminal
8  complaint was filed against Ms. Graff on September 6, 2018.  (Knight Decl., ¶ 5.)  Ms. Knight
9  obtained a copy of the criminal case file and confirmed that the criminal complaint arises from
10 Ms. Graff's arrest on April 24, 2018 and charges Ms. Graff with one count of resisting arrest in
11 violation of Penal Code § 148(a)(1) and one count of being under the influence of a controlled
12 substance in violation of Health & Safety Code § 11550(a).  (Knight Decl., Ex. A.)  The docket
13 for the criminal case shows that Ms. Graff failed to appear and the Court issued a bench warrant
14 for her arrest.  (Knight Decl., Ex. B.)

15 After producing the criminal file in discovery, Ms. Knight reached out to Plaintiff's
16 counsel Patrick Buelna to meet and confer regarding a stay of the present action pending
17 resolution of the criminal case.  Mr. Buelna advised that Plaintiff would not stipulate to a stay at
18 this time.  (Knight Decl., ¶ 6.)

### III.

### ARGUMENT

**A.      Legal Standard**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). It is appropriate, and common practice, for the district courts to stay a civil action while related criminal charges are pending. *Wallace v. Kato*, 549 U.S. 384, 393-394 (2007). This is particularly the case where an individual seeks monetary damages in connection with an excessive force claim under 42 U.S.C. § 1983 and a conviction may bar some or all of those claims under *Heck v. Humphrey. See, e.g., Martinez v. Cty. of Santa Clara*, 2017 U.S. Dist. LEXIS 76155, *10 (N.D. Cal. 2017); *Bernier v.*

*Walker*, 2019 U.S. Dist. LEXIS 41929, *14 (E.D. Cal. 2019)(where Plaintiff argued that *Heck* would not serve as a bar to his excessive force claims because the force continued after he stopped resisting arrest, the Court found a stay appropriate as "it [was] still possible that some aspect of Plaintiffs' excessive force claim would be barred or narrowed by a criminal conviction.") Because the question of whether a Section 1983 action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident she is claiming excessive force, or if the plaintiff is alleging false arrest or a similar claim, a stay may be appropriate until such time as the underlying criminal proceedings are concluded, at which time the court would be in a better position to evaluate whether the Section 1983 action would impugn any conviction resulting therefrom. *Nuno v. Reyes*, 2018 U.S. Dist. LEXIS 63822, *12 (E.D. Cal. 2018).

In deciding a motion to stay pending proceedings, the Court should consider the competing interests which will be affected by the granting or refusal to grant a stay, including: (1) any possible damage that may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

**B.    The Present Civil Case Should be Stayed Pending Resolution of the Criminal Charges Against Sherry Graff**

A stay should be granted in this case because the criminal charges pending against Sherry Graff arise from the arrest underlying this incident and a conviction in the criminal action may bar or limit Plaintiff's claims in this case. The Supreme Court's decision in *Heck v. Humphrey* bars civil claims that would necessarily imply the invalidity of a prior criminal conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Consequently, an individual who has previously been convicted of a crime may not introduce evidence or argument in a civil action that is inconsistent with his conviction. *See Galindo v. City of Orange*, 678 Fed.Appx. 559 (9th Cir. 2017)(citing *Cunningham v. Gates*, 312 F.3d 1148, 1154 (9th Cir. 2002)). The First Amended Complaint asserts causes of action under 42 U.S.C. § 1983 based on alleged excessive

force by Officer Murphy in connection with Sherry Graff's arrest on April 24, 2018. (Dkt 1.) Ms. Graff alleges that Officer Murphy lacked probable cause to arrest her for being under the influence of a controlled substance and used excessive force in effecting the arrest.  The criminal complaint filed against Sherry Graff includes one count of resisting arrest in violation of Penal Code § 148(a)(1) and one count of being under the influence of a controlled substance in violation of Health & Safety Code § 11550(a).  (Knight Decl., Ex. A.)  Excessive force is a defense to the charge of resisting arrest.  *People v. White*, 101 Cal.App.3d 161, 168 (1980).  As such, a criminal conviction will preclude claims that Officer Murphy's arrest of Ms. Graff and use of force was unlawful.  Because the outcome of the criminal trial may result in Plaintiff's claims in this action being barred or narrowed, a stay should be granted to avoid conflicting rulings and potential prejudice to the parties in seeking multiple modifications of the scheduling order or in having to file multiple dispositive motions.

A stay of this action is also warranted to allow Plaintiff to litigate her causes of action under both federal and state law in one proceeding.  California law prohibits Plaintiff from maintaining a civil action against the City of Vallejo or Officer Murphy while criminal charges are pending.  Section 945.3 of the Government Code provides in relevant part:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Section 945.3 does not preclude Plaintiff from maintaining an action under 28 U.S.C. § 1983 while criminal charges are pending. *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989).  A federal civil rights plaintiff has the choice of either electing to delay in bringing the federal action pending resolution of criminal proceedings, or bringing the Section 1983 claim without joining the pendent state claims. *Johnson v. Chico*, 725 F. Supp. 1097, 1103 (E.D. Cal. 1989).

In this case, Plaintiff has joined her federal claims with causes of action under state law for violation of the Bane Act, assault and battery, negligence, and false imprisonment. These claims cannot be pursued against Defendants while Ms. Graff's criminal case is pending. If a stay is denied, Ms. Graff will be required to dismiss her state claims and may potentially seek to bring them again at a later date if the criminal action does not result in a conviction. Justice and efficiency would better be served by staying this action in its entirety.

If a stay is denied, Defendants will suffer severe prejudice through having to spend time and resources defending claims in a federal case which may be barred. Defendants do not believe a stay will prejudice Plaintiff, however any such prejudice would be of Plaintiff's own making, as Ms. Graff's failure to appear in court has actively prevented the criminal case from moving forward. A stay of the present case is the most practical course of action under these circumstances: the criminal case may bar or limit Ms. Graff's claims, Defendants have no control over the criminal proceedings, and there is no way to know when Ms. Graff will turn herself in and the case will proceed. Further, a stay will promote the interests of justice and efficiency for all parties.

## IV.
## CONCLUSION

For the foregoing reasons, Defendants City of Vallejo and Officer Murphy respectfully request that the Court issue an order staying the present case pending resolution of the criminal action against Plaintiff Sherry Graff. In the alternative, Defendants request that Ms. Graff's claims under state law be dismissed.

DATED: August 8, 2019   Respectfully submitted,

*/s/ Katelyn M. Knight*
KATELYN M. KNIGHT
Deputy City Attorney
Attorneys for Defendants, CITY OF
VALLEJO and BRIAN MURPHY