UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY GRAFF,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF VALLEJO, et al.,<br><br>         Defendants. | No.  2:18-cv-02848-DC-CKD<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL EXHIBIT NO. 8 TO THE DECLARATION OF PATRICK BUELNA FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>(Doc. No. 44) |

On September 24, 2024, Plaintiff filed a notice of her request to seal Exhibit 8 to the declaration of her counsel, Attorney Patrick Buelna, which Plaintiff filed in support of her motion for partial summary judgment. (Doc. No. 44.) In her request, Plaintiff explains that Exhibit 8 to the Buelna declaration consists of "photographs of the injuries on her breasts" and is therefore "private and appropriate for seal." (*Id.*) Defendants did not submit any opposition to Plaintiff's request to seal Exhibit 8 to the Buelna declaration.

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents supporting a motion for summary judgment where that party shows "compelling reasons" to

1 support maintaining secrecy of those documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d
2 1172, 1178 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to . . . justify sealing
3 court records exist when such 'court files might . . . become a vehicle for improper purposes,'
4 such as the use of records to gratify private spite, promote public scandal, circulate libelous
5 statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
6 U.S. 589, 597 & n.7 (1978)).

7 Here, the court finds Plaintiff has shown compelling reasons exist to file Exhibit 8 to the
8 Buelna declaration under seal because the photographs in that exhibit show her exposed breasts
9 and thus might become a vehicle for improper purposes. *See Valley Broad. Co. v. U.S. Dist.*
10 *Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumptive right to public
11 access may be overcome where there is a "likelihood of an improper use, 'including publication
12 of scandalous, libelous, pornographic, or trade secret materials'") (citation omitted). To be sure,
13 filing nude photographs on a public docket is not appropriate, and thus sealing of Exhibit 8 is
14 undoubtedly appropriate. *See Schottenstein v. Lee*, No. 22-cv-119-DLC, 2023 WL 8584201, at *1
15 (S.D.N.Y. Dec. 11, 2023) ("That it is necessary to inform an attorney of this court that he may not
16 file nude photographs on the public docket is startling."). The court will therefore grant Plaintiff's
17 request to file under seal Exhibit 8 to the Buelna declaration filed in support of Plaintiff's motion
18 for partial summary judgment.

19 Accordingly,

20 1. Plaintiff's request to seal (Doc. No. 44) is GRANTED;
21 2. Exhibit 8 to the declaration of Plaintiff's counsel Patrick Buelna, filed in support
22 of Plaintiff's motion for partial summary judgment, shall be filed under seal, to be
23 accessed only by the court and the parties; and
24 /////
25 /////
26 /////
27 /////
28 /////

3. Plaintiff shall send a PDF copy of Exhibit 8 to the Buelna declaration via email to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case.

IT IS SO ORDERED.

Dated: **March 18, 2025**

Dena Coggins
United States District Judge

3